UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSIE D. GLOVER,

    Petitioner,

v.

CINDI S. CURTIN,

    Respondent,
_____/

Civil No. 2:09-CV-11216
HONORABLE DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Jessie D. Glover, ("Petitioner"), confined at the Oaks Correctional Facility in Manistee, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction out of the Wayne County Circuit Court for possession of a firearm during the commission of a felony, second offense, M.C.L. A. § 750.227b(2). For the reasons stated below, the petition for writ of habeas corpus is summarily dismissed.

## I. BACKGROUND

Petitioner was originally charged with carrying a concealed weapon, felon in possession of a firearm, possession of a firearm during the commission of a felony, second offense, and being a second felony habitual offender, arising out of an incident which occurred in Detroit, Michigan on April 10, 2007.

Petitioner filed a motion to suppress the evidence on the ground that it was

1

seized in violation of his Fourth Amendment rights. An evidentiary hearing was conducted on his claim in the trial court on June 15, 2007 and July 9, 2007, after which the trial court denied Petitioner's motion to suppress the evidence. Petitioner then entered a conditional plea to possession of a firearm during the commission of a felony, second offense, in exchange for the dismissal of the remaining charges. Petitioner was subsequently sentenced to five years in prison.

Petitioner appealed the denial of the motion to suppress to the Michigan appellate courts. The Michigan appellate courts affirmed Petitioner's conviction. *People v. Glover,* No. 286507 (Mich. Ct. App. August 19, 2008); *lv. den.* 759 N.W. 2d 19 (2009).

Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

> The trial court abused its discretion by denying petitioner's motion to suppress the introduction of evidence obtained in violation of petitioner's constitutional Fourth Amendment right against unreasonable searches and seizures.

## II. DISCUSSION

The petition for writ of habeas corpus must be dismissed because petitioner fails to state a claim upon which habeas relief can be granted.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v.*

*Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856, 114 S. Ct. 2568, 129 L. Ed. 2d 666 (1994).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases in the United States District Courts, Rule 4, 28 U.S.C. foll. § 2254.  The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970).  A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141.  No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

After undertaking the review required by Rule 4, this Court concludes that Petitioner's Fourth Amendment claim is non-cognizable on federal habeas review, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525-28 (E.D. Mich. 2005).

Petitioner contends that the evidence in this case should have been

3

suppressed because the police lacked probable cause to seize or to arrest Petitioner.

Prior to pleading guilty, Petitioner moved to suppress the evidence on the ground that it had been obtained in violation of his Fourth Amendment rights. Following an evidentiary hearing, the trial court denied the motion to suppress. The Michigan Court of Appeals and the Michigan Supreme Court upheld the trial court's decision on appeal. [1]

Petitioner's Fourth Amendment challenge to the admission of the evidence in this case is non-cognizable on federal habeas review. A federal habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494-95, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976); *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000). For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982).

Therefore, on federal habeas review, a federal court cannot re-examine a petitioner's Fourth Amendment claim that evidence should have been suppressed

---

[1] By entering a conditional plea of guilty, petitioner did not waive appellate review of his Fourth Amendment claim. See *People v. O'Neal,* 167 Mich. App. 274, 276-77; 421 N.W. 2d 662 (1988).

as "poisonous fruit" of his illegal arrest, where the state provided an opportunity for full and fair litigation of the habeas petitioner's Fourth Amendment claim prior to trial. *See Wilson v. Straub,* 185 F. Supp. 2d 766, 770-71 (E.D. Mich. 2002); *See also Walendzinski v. Renico,* 354 F. Supp. 2d 752, 759 (E.D. Mich. 2005); *Monroe v. Smith,* 197 F. Supp. 2d 753, 766 (E.D. Mich. 2001).

Petitioner is therefore unable to raise a Fourth Amendment claim that the evidence in this case was the product of an illegal arrest or seizure, where Petitioner's Fourth Amendment claim was the subject of an evidentiary hearing in the trial court where the facts of his claim were fully developed and following the denial of his motion by the trial court, Petitioner then had an opportunity to present his Fourth Amendment claim to the Michigan Court of Appeals and the Michigan Supreme Court. *Wilson,* 185 F. Supp. 2d at 771.  Because Petitioner's Fourth Amendment claim was fully and fairly litigated in the Michigan trial and appellate courts, his claim is not cognizable on habeas review. *Id.*

### III.  ORDER

Based upon the foregoing, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  May 27, 2009

I hereby certify that a copy of the foregoing document was served upon Jessie Glover, Reg. No. 366193, Oaks Correctional Facility, 1500 Caberfae Highway, Manistee, MI 49660 and counsel of record on May 27, 2009, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager